UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PPDG, LLC, a Florida limited liability
corporation

       Plaintiff,

v.                                                                        Case No: 2:13-cv-768-FtM-29CM

J. DEAN TEMPLETON,

       Defendant.

## ORDER

Before the Court is Argo Land US, LLC's Unopposed Motion to Intervene ("Motion") (Doc. 22), filed on October 29, 2014. For the reasons set forth below, the Motion is due to be granted.

### I.   Background

Argo Land US, LLC ("Argo") moves to intervene in this contract dispute "in order to protect its contractual rights to acquire and develop the real estate" at issue in this case, approximately 400 acres of land in Estero, Florida, asserting that it agreed to purchase the property and all of Defendant's right, title and interest, if any, to the land development rights. Doc. 22 at 1. Plaintiff also claims to own certain development rights, and Argo contends that the outcome of this action could dramatically affect its rights. Argo therefore seeks to intervene as a matter of right or, alternatively, to be granted permissive intervention. Pursuant to Middle District of Florida Local Rule 3.01(g), counsel for Argo conferred with counsel for Plaintiff and Defendant, and they do not oppose Argo's request to intervene.

## II. Intervention

In the Eleventh Circuit, a party seeking to intervene as a matter of right under Rule 24(a)(2), Federal Rules of Civil Procedure, must satisfy four factors, and if the party is able to do so the Court must allow that party to intervene. *Purcell v. BankAtlantic Fin. Corp.*, 85 F.3d 1508, 1512 (11th Cir. 1996); *TIG Specialty Ins. Co. v. Financial Web.com, Inc.*, 208 F.R.D. 336, 337 (M.D. Fla. 2002) (citing *Fed. Savings & Loan Ins. Corp. v. Falls Chase Special Taxing Dist.*, 983 F.2d 211, 215 (11th Cir. 1993)). Specifically, a party seeking to intervene must show that their application to intervene is timely, it has an interest in the property which is the subject of the action, disposition of the action may impede or impair that party's ability to protect its interest and the current parties do not adequately represent the potential intervenor's interest. *Stone v. First Union Corp.*, 371 F.3d 1305, 1308-09 (11th Cir. 2004). Rule 24(b) provides for permissive intervention when the putative intervenor's claims or defenses involve common questions of law or fact and will not prejudice the existing parties or delay resolution of the action. Fed.R.Civ.P. 24(b)(1)(B).

Here, Argo timely filed the Motion by which it asserts that it has an interest in the property as the result of executing the Assignment of Agreement for Purchase and Sale, by which Argo agreed to buy the subject property, including development rights, for $16,000,000.00. Doc. 22 at 1. Argo contends that determining the extent, if any, of Plaintiff's interest in the property may impair Argo's ability to protect its own interests. *Id.* at 5. Moreover, although Argo and Defendant "share

a common goal of closing the sale of the Land," their interests also are necessarily adverse, and Argo asserts that only it can adequately represent its own interests. Doc. 22 at 6. The Court agrees. Argo also has submitted its proposed Answer to Plaintiff's First Amended Complaint (Doc. 22-2), as required by Rule 24(c), in which it disputes Plaintiff's allegations and asserts affirmative defenses in common with those asserted by Defendant, which the Court has reviewed.

### III. Conclusion

Argo has met the Eleventh Circuit's four-factor test for intervention under Rule 24(a)(2), Federal Rules of Civil Procedure, by showing that it has a valid interest in this action by virtue of its contractual relationship with Defendant, resolution of this matter may impair Argo's ability to protect its interest in the property and the existing parties do not adequately represent Argo's interest. Therefore, Argo is entitled to intervene as a matter of right in this action.[1]

ACCORDINGLY, it is hereby

**ORDERED:**

Argo Land US, LLC's Unopposed Motion to Intervene (Doc. 22) is **GRANTED**. The Clerk is directed to add Argo as an intervening Defendant.

---

[1] Because the Court finds that Argo is entitled to intervene as a matter of right, it need not reach the issue of permissive intervention under Rule 24(b).

**DONE** and **ORDERED** in Fort Myers, Florida on this 5th day of November, 2014.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record