UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PPDG, LLC, a Florida limited liability
corporation

       Plaintiff,

v.                              Case No:   2:13-cv-768-FtM-29CM

J. DEAN TEMPLETON,

       Defendant.

## REPORT AND RECOMMENDATION[1]

Before the Court is Plaintiff, PPDG, LLC's Motion for Leave to File Second Amended Complaint (Doc. 30), filed on April 20, 2015, and Defendant J. Dean Templeton and Intervenor Defendant Argo Land US, LLC's Joint Memorandum in Opposition to Plaintiff PPDG, LLC's Motion for Leave to File Second Amended Complaint (Doc. 32), filed on May 7, 2015.   Over one year after the deadline to amend pleadings, Plaintiff is essentially seeking to file an entirely new complaint to add a count for quantum meruit, and assert liability against Intervenor Defendant Argo Land US, LLC.   *Compare* Docs. 18, 30-1.   Because Plaintiff has not shown good cause to do so and the proposed amendment is untimely and would be prejudicial, the Court recommends that leave to amend be denied.

---

[1] Failure to file written objections to the proposed findings and recommendations contained in this report within **fourteen (14)** days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

## I.   Background

Plaintiff filed its Complaint on October 28, 2013 alleging unjust enrichment based on Defendant J. Dean Templeton's ("Templeton") retention of certain entitlements (Count I), and unjust enrichment based on Plaintiff's procurement of a buyer of certain property and resulting sale (Count II).   Doc. 1.   Plaintiff's Complaint was dismissed without prejudice for failure to establish this Court's subject matter jurisdiction on January 27, 2014, and Plaintiff filed an Amended Complaint against Defendant J. Dean Templeton on January 31, 2014, again alleging unjust enrichment based upon the retention of certain entitlements and the procurement of sale.   Docs. 16, 18.   On November 5, 2014, the Court granted Argo Land US, LLC's ("Argo") unopposed motion to intervene in this action to protect its contractual property rights, based upon its agreement to purchase the property at issue from Defendant and Argo's resulting acquisition of all of Defendant's right, title and interest, if any, to the land development rights.   Docs. 22, 23.

Plaintiff now seeks to amend its Amended Complaint to assert claims for quantum meruit in addition to, and in the alternative to, the pending unjust enrichment claims.   Doc. 30 at 2.   Plaintiff contends that the amendment could not be done within the schedule set forth in the Case Management and Scheduling Order, which established a deadline of March 3, 2014 for the addition of parties and amendment of pleadings, because Plaintiff only learned of the additional information regarding Defendant's position after the suit was commenced.   *Id.*; Doc. 19 at 1. Defendant Templeton and Intervenor Defendant Argo jointly oppose the amendment,

asserting that each will be prejudiced in light of the impending close of discovery on July 1, 2015 and because this case is set for trial in the term beginning December 1, 2015.   Doc. 32; Doc. 19.   Argo further asserts that it will suffer additional prejudice if Plaintiff is permitted to amend its Amended Complaint because Argo intervened in this matter solely to protect its interests in the property at issue, and allowing the amendment will subject it to liability for Plaintiff's claims.   Doc. 32.

## II.   Analysis

Where, as here, a motion to amend is filed after a scheduling order deadline, Rule 16, Federal Rule of Civil Procedure, is the proper rule to apply to determine whether a party's delay may be excused.   *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418 n.2, 1419 (11th Cir. 1998).   Only after the movant demonstrates good cause under Rule 16(b) may the Court consider whether amendment is proper under Rule 15(a).   In *Sosa*, the court considered three factors demonstrating a lack of good cause: 1) plaintiff failed to ascertain facts prior to filing the complaint and acquire information during the discovery period; 2) the information supporting the proposed amendment was available to the plaintiff; and 3) even after acquiring information, the plaintiff delayed in seeking amendment.   133 F.3d at 1419.

As Defendants' opposition aptly notes, Plaintiff neither identifies when the additional information it claims necessitates amendment first was discovered, nor asserts that the information was unavailable or undiscoverable prior to the deadline for amendment.   *See* Doc. 32 at 3-4.   Defendants also contend that Plaintiff has failed to conduct any discovery in this matter, except for providing its own records

following this Court's denial of Plaintiff's motion for protective order.   *Id.* at 3, 5-6; *see* Docs. 27-29.   Thus, because Plaintiff has not conducted discovery and the only exchange has been Plaintiff's disclosure of its own documents, the information upon which Plaintiff bases its need for amendment necessarily was available to Plaintiff prior to the expiration of the deadline.   Accordingly, the Court need not reach the question whether amendment is proper under Rule 15(a), Federal Rules of Civil Procedure, because Plaintiff has failed to establish good cause for the amendment, as required by Rule 16(b), Federal Rules of Civil Procedure.

Even if good cause could be established, however, the motion to amend still should be denied, because amendment would be unduly prejudicial.   Once good cause is found, Rule 15(a) of the Federal Rules of Civil Procedure provides that "leave shall be freely given when justice so requires."   Fed. R. Civ. P. 15(a)(2).   Leave to amend may be denied for, *inter alia*, undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility of amendment.   *In re Engle cases*, 767 F.3d 1082, 1108 (11th Cir. 2014).   Even though Plaintiff asserts that addition of its claim for quantum meruit would not prejudice Defendants since it "arises from the same facts and circumstances Plaintiff originally asserted and the claims are very similar," Doc. 30 at 3, the Court agrees with Defendants, who contend that amendment would be unduly prejudicial as Plaintiff seeks to add a new claim and wholly abandon another claim, now with less than one month prior to the close of discovery and after the deadline for disclosure of expert reports has passed.   Most prejudicial, however, is Plaintiff's attempt to assert claims for liability against Argo,

who asserts that it "necessarily would have conducted discovery over the past six months into Plaintiff's theories against it, but due to Plaintiff's untimely filing has been precluded from doing so."   Doc. 32 at 9.

Finally, Defendants note that although they generally have no objection to Plaintiff abandoning certain claims and allegations included in its Amended Complaint, both Defendants, and Argo in particular, would be prejudiced if Plaintiff is allowed to start over and replead its claims at this stage of the litigation.   The Court agrees.   Plaintiff is free to voluntarily dismiss any of its claims, but amendment at this point is improper.

## III.   Conclusion

Accordingly, for the reasons stated in this Report and Recommendation, it is hereby respectfully **RECOMMENDED**:

That Plaintiff, PPDG, LLC's Motion for Leave to File Second Amended Complaint (Doc. 30) be **DENIED**.

**DONE** and **ENTERED** in Fort Myers, Florida on this 3rd day of June, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record